UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WOOD RANCH MANHATTAN BEACH, LP,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ST. PAUL FIRE AND MARINE INSURANCE COMPANY,<br><br>　　　　Defendant. | Case No. 2:25-cv-11675-SB-SSC<br><br><br>ORDER TO SHOW CAUSE RE SUBJECT-MATTER JURISDICTION |

　　　　Plaintiff Wood Ranch Manhattan Beach, LP filed the complaint in this breach-of-contract case on December 9, 2025.  Dkt. No. 1.

　　　　Federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  This Court has a duty to assess whether federal subject matter jurisdiction exists and may consider the issue sua sponte at any stage of the proceedings.  *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (recognizing that "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case").

　　　　A federal district court has original jurisdiction over a civil action when (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1331, 1332(a).  Complete diversity means that each of the plaintiffs must be a citizen of a different state than each of the defendants.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

      Plaintiff, a limited partnership, asserts diversity jurisdiction as the sole basis for federal jurisdiction. "[A] partnership is a citizen of all of the states of which its partners are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). According to the complaint, Plaintiff has one general partner and 19 limited partners. The complaint alleges that the general partner, Wood Ranch Manhattan Beach, LLC, is "a citizen of California." Dkt. No. 1 ¶ 1. But the citizenship of an LLC, like a partnership, is determined by the citizenship of each of its members. *Johnson*, 437 F.3d at 899. Because the complaint fails to allege the citizenship of each member of Manhattan Beach, LLC, Plaintiff's citizenship is unknown. In addition, the complaint fails to identify each of the limited partners, conclusorily alleging only that: "Nine (9) limited partners are citizens of California, three (3) limited partners are citizens of Maryland, three (3) limited partners are citizens of North Carolina, and one (1) limited partner is a citizen of Florida." Dkt. No. 1 ¶ 1. Because this allegation does not state whether limited partners are individuals, corporations, partnerships, or some other form of entity, the Court cannot evaluate the citizenship of the limited partners.

      Plaintiff needs to show that diversity is complete as to all its members. Accordingly, Plaintiff is ORDERED to show cause, in writing, by no later than January 5, 2026, why the Court has jurisdiction over this case by demonstrating complete diversity of citizenship between the parties. *Failure to timely comply will result in dismissal*.

Date: December 18, 2025                                       _____
                                                                          Stanley Blumenfeld, Jr.
                                                                  United States District Judge